# COURT OF CHANCERY
## OF THE
## STATE OF DELAWARE

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

June 26, 2026

David H. Holloway, Esquire
Shlansky Law Group, LLP
1504 N. Broom Street, Suite 1
Wilmington, Delaware 19806

Albert H. Manwaring, IV, Esquire
Morris James LLP
3205 Avenue North Blvd., Suite 100
Wilmington, Delaware 19803

James S. Green, Jr., Esquire
Cole Schotz P.C.
500 Delaware Avenue, Suite 600
Wilmington, Delaware 19801

Thad J. Bracegirdle, Esquire
Bayard, P.A.
600 N. King Street, Suite 400
Wilmington, Delaware 19801

John M. Seaman, Esquire
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807

Jason A. Cincilla, Esquire
Manning Gross and Massenburg LLP
500 Delaware Avenue, Suite 200
Wilmington, DE 19801

Ling Chai, *pro se*

RE:     *The Gregory M. Raiff 2000 Trust v. Jenzabar, Inc. et al.*,
        C.A. No. 2024-0368-LWW

Dear Counsel and Ms. Chai:

This letter opinion resolves the plaintiffs' motion for reargument of my April 13, 2026 Memorandum Opinion. The motion is denied as both untimely and meritless.

## I.     BACKGROUND

This litigation concerns purported breaches of fiduciary duty, corporate waste, and fraud by directors and officers of Jenzabar, Inc. On April 13, 2026, I issued a Memorandum Opinion (the "Opinion") dismissing the First Amended Complaint.[1] I concluded that the plaintiffs' direct claims were exclusively derivative, their indemnification claims were unripe, and their remaining claims were time-barred.[2] The alleged course of conduct giving rise to the derivative, ripe claims occurred "in and around 2010-2015," putting the plaintiffs on inquiry notice years before filing suit.[3]

On April 21, 2026, the plaintiffs moved for reargument of the Opinion (the "Motion").[4] They argue that I overlooked their compliance with Court of Chancery

---

[1] Mem. Op. Regarding Mots. to Dismiss (Dkt. 133) ("Mem. Op."); *see* First Am. Verified Compl. (Dkt. 31) ("Am. Compl.").

[2] Mem. Op. 13, 18, 21.

[3] *Id.* at 21, 25.

[4] Mot. for Reargument (Dkt. 141) ("Mot.").

Rule 23.1, improperly imputed the original plaintiff's inquiry notice to them, and ignored separate, timely breach of fiduciary duty claims.[5]  The defendants have opposed the Motion.[6]  On April 28, the plaintiffs filed a correction letter admitting that, contrary to their earlier representations, one of the three plaintiffs had received the 2013 notice of prior derivative litigation that factored into my inquiry notice holding.[7]  Additional oppositions from the defendants followed.[8]

## II.    ANALYSIS

Under Court of Chancery Rule 59(c), a party seeking reargument "must move within five days after the ruling."[9]  Even if timely, the movant bears a "heavy burden[.]"[10]  A motion for reargument will be denied unless the court has "overlooked a decision or principle of law that would have a controlling effect or

---

[5] *Id.* ¶¶ 6-30.

[6] Def. and Nominal Def. Jenzabar, Inc.'s Opp'n to Pls.' Mot. for Reargument (Dkt. 145) ("Opp'n."); Harder's Joinder to Def. and Nominal Def. Jenzabar, Inc.'s Opp'n to Pls.' Mot. for Reargument (Dkt. 147); Joinder of Defs. Mills and San Miguel in Def. and Nominal Def. Jenzabar, Inc.'s Opp'n to Pls.' Mot. for Reargument (Dkt. 148).

[7] Ltr. from Pls.' Counsel (Dkt. 149).  Only two of the three named plaintiffs moved for reargument.  The third is the individual who admitted to receiving the 2013 notice.

[8] Def. Maginn's Joinder to Def. and Nominal Def. Jenzabar, Inc.'s Opp'n to Pls.' Mot. for Reargument and Separate Opp'n to Pls.' Mot. for Reargument (Dkt. 152); Chai Maginn Family LLC's Joinder to Def. and Nominal Def. Jenzabar, Inc.'s Opp'n to Pls.' Mot. for Reargument (Dkt. 154).

[9] Ct. Ch. R. 59(c).  Rule 59 was amended after the motion was filed, effective June 1.  The operative rule was previously Rule 59(f).

[10] *In re ML/EQ Real Est. P'ship Litig.*, 2000 WL 364188, at *1 (Del. Ch. Mar. 22, 2000).

. . . misapprehended the law or the facts so that the outcome of the decision would be affected."[11]  A Rule 59(c) motion is not a vehicle to rehash old arguments or to present new ones.[12]

### A.    Timeliness

As a threshold matter, the Motion is untimely.  The five-day deadline under Rule 59(c) is jurisdictional and "the Court does not have discretion to extend" it.[13]  Because the Opinion was issued on April 13, any motion for reargument was due by 5:00 p.m. on April 20.[14]  The plaintiffs first attempted to file the Motion at 5:19 p.m. on April 20, but they were unsuccessful.[15]  They filed a corrected copy the next day at 2:40 p.m.[16]  Both fall after the deadline.

---

[11] *Stein v. Orloff*, 1985 WL 21136, at *2 (Del. Ch. Sept. 26, 1985).

[12] *See Oliver v. Bos. Univ.*, 2006 WL 4782232, at *1-2 (Del. Ch. Dec. 8, 2006); *see also ML/EQ Real Est.*, 2000 WL 364188, at *1 ("Such motions are not a mechanism for litigants to relitigate claims already considered by the court.").

[13] *See Binks v. Megapath, Inc.*, 2008 WL 2721783, at *1 n.4 (Del. Ch. July 2, 2008) (citing *State v. Brokenbrough*, 2008 WL 1891705, at *1 (Del. Super. Apr. 30, 2008)); *see also Blank v. Belzberg*, 2003 WL 21788086, at *1 (Del. Ch. July 24, 2003).

[14] *See* Ct. Ch. R. 5(d)(3).

[15] Opp'n. 3-4 (citing Trans. ID No. 76100868).

[16] *See generally* Mot.; Opp'n. 4 n.7 (citing Trans. ID No. 79112139).

**B.    Merits**

Even if the Motion were timely, it fails on the merits.  The plaintiffs identify no material fact or legal principle that I overlooked or misapprehended.  Instead, they attempt to relitigate the sufficiency of the pleadings and rehash tolling arguments fully briefed and argued on the motion to dismiss.

First, the plaintiffs suggest that I dismissed several claims "on the basis that they were derivative and subject to additional pleading and standing obligations."[17] This misapprehends the Opinion.  No claims were dismissed for lack of standing. Rather, I held that the direct claims failed under Rule 12(b)(6) because they were exclusively derivative in nature—a holding the plaintiffs do not challenge.[18]  The derivative claims were then dismissed as unripe or time-barred.[19]

Second, the plaintiffs insist that they should not be subject to the same timeliness constraints as the original plaintiff, the Gregory M. Raiff 2000 Trust, because they never received a 2013 notice of prior derivative litigation.[20]  This

---

[17] Mot. ¶ 14.

[18] Mem. Op. 13.

[19] *Id.* at 18, 25.  The Opinion recognized that the plaintiffs' intervention could cure the original plaintiff's standing defects. *Id.* at 13 n.61.  But standing cannot save a stale claim.

[20] Mot. ¶¶ 21-25.

assertion is belied by the plaintiffs' counsel's April 28 letter admitting that one of the plaintiffs did, in fact, receive the notice.[21]

I permitted the plaintiffs to intervene and replace the Trust after the defendants' motions to dismiss were fully briefed and argued.[22] I granted intervention, in part, because existing dismissal arguments—including timeliness—applied equally to the intervenor plaintiffs and the Trust, limiting prejudice to the defendants.[23] By stepping into the Trust's shoes and adopting the First Amended Complaint as their own, the plaintiffs inherited its timeliness defects. The plaintiffs also waived their subjective notice argument by raising it for the first time in the Motion.[24]

Third, the plaintiffs argue I overlooked distinct theories of liability that are ripe and timely. They point to defendant Robert A. Maginn Jr.'s continued retention

---

[21] Ltr. from Pls.' Counsel (Dkt. 149); *see supra* note 7.

[22] Letter Op. on Pls.' Mot. to Intervene (Dkt. 114).

[23] *Id.* at 5-6.

[24] *Sunrise Ventures, LLC v. Rehoboth Canal Ventures, LLC*, 2010 WL 975581, at *1 (Del. Ch. Mar. 4, 2010), ("[P]laintiffs failed to raise this argument . . . in their briefs or at any point before their Motion for Reargument. This new argument is therefore waived, and the motion must be denied for that reason alone."), *aff'd*, 7 A.3d 485 (Del. 2010) (TABLE).

of a 19.09% equity stake in Jenzabar and recent compensation awards from the company.[25] Neither matter warrants reargument.

The plaintiffs' contention that there is an independent, timely breach from a failure to recoup Maginn's 19.09% equity stake is meritless. Any potential breach arising out of the failure to recoup accrued when the directors declined to act on the alleged wrong.[26] The underlying misconduct took place between June 2012 and December 2013.[27] Delaware law rejects the premise that the ongoing effects of a past act constitute a continuing violation that endlessly tolls the statute of limitations.[28]

The plaintiffs also rely on *Lebanon County Employees' Retirement Fund v. Collis* to argue the court should apply a separate accrual approach to claim accrual.[29]

---

[25] Mot. ¶¶ 6-13.

[26] *See Albert v. Alex. Brown Mgmt. Servs., Inc.*, 2005 WL 1594085, at *18 (Del. Ch. June 29, 2005) ("The law in Delaware is crystal clear that a claim accrues as soon as the wrongful act occurs.").

[27] *See Deane v. Maginn*, 2022 WL 16557974, at *9 (Del. Ch. Nov. 1, 2022) ("The underlying wrongful acts occurred as early as June 2012 (when the II-C Warrant was issued to New Media II-C) and as late as December 2013."), *aff'd*, 338 A.3d 1292 (Del. 2025) (TABLE).

[28] *See Kahn v. Seaboard Corp.*, 625 A.2d 269, 271 (Del. Ch. 1993) (holding that the actionable wrong occurs when enforceable legal rights are created and the ongoing failure to rescind the transaction is not a continuing wrong); *see also Desimone v. Barrows*, 924 A.2d 908, 925 (Del. Ch. 2007) ("[I]t is settled that the failure to remedy a wrong does not mean that the wrong is continuing.").

[29] 287 A.3d 1160, 1179 (Del. Ch. 2022).

But *Collis* acknowledges that "the discrete act method applies in the vast majority of cases."[30] More importantly, *Collis* confirms that inquiry notice halts the ability to toll past acts.[31] As I held in the Opinion, the plaintiffs were on inquiry notice of the overarching dilution scheme by at least July 2014.[32]

Finally, the plaintiffs assert that compensation decisions in 2023 and 2024 constitute distinct and timely breaches of fiduciary duty. This argument fails for the reasons detailed in the Opinion. The First Amended Complaint did not plead that these compensation events support specific claims for relief. They were raised to demonstrate entrenchment and a lack of independence to excuse demand.[33] The plaintiffs cannot use briefing—much less a motion for reargument—to retroactively amend their pleading to advance new causes of action.[34] Their reliance on inapposite case law regarding the waiver of contractual rent obligations does not save them.[35]

---

[30] *Id.* at 1178.

[31] *Id.* at 1214.

[32] Mem. Op. 25.

[33] *See* Am. Compl. ¶¶ 38-39, 141, 167.

[34] *Anglo Am. Sec. Fund, L.P. v. S.R. Glob. Int'l Fund, L.P.*, 829 A.2d 143, 155 (Del. Ch. 2003).

[35] Mot. ¶ 12 (citing *Mergenthaler v. Hollingsworth Oil Co. Inc.*, 1995 WL 108883, at *2 (Del. Super. Feb. 22, 1995) (discussing a landlord's waiver of the right to collect additional rent)).

## III.   CONCLUSION

The plaintiffs have not met their burden under Rule 59(c).  The Motion is denied.  IT IS SO ORDERED.

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor